IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EMMANUEL YOUNG,** | ) | **CASE NO. 1:10 CV 2900** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | **Magistrate Judge James R. Knepp II** |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge James R. Knepp II (Docket # 19), recommending that the Motion to Dismiss filed by Defendant, Commissioner of Social Security, be granted and this case dismissed. The Commissioner asserts that Plaintiff is barred from filing this action based on the 60-day statute of limitations period set forth in 42 U.S.C. § 405(g). Plaintiff argues that equitable tolling applies and that the Motion to Dismiss filed by the Commissioner should be denied.

**Procedural Background**

On March 4, 2009, the Administrative Law Judge denied Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff requested that the Appeals Council review the ALJ's decision. On October 15, 2010, the Appeals Council denied

Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  Plaintiff's Counsel received the final decision of the Commissioner on October 20, 2010.  Plaintiff filed his Complaint in this Court on December 22, 2010, seeking judicial review of the ALJ's decision denying Plaintiff benefits.  Plaintiff's Complaint was filed two days beyond the 60-day statute of limitations.

On April 7, 2011, the Commissioner filed a Motion to Dismiss the Complaint as untimely or, in the alternative, for Motion for Summary Judgment.  (Docket #13.)  On May 7, 2011, Plaintiff filed his Opposition Brief.  (Docket #14.)  On August 8, 2011, Counsel for Plaintiff sent a letter to the Appeals Council, requesting a two-day extension of the 60-day statute of limitations, explaining conditions in her law practice which caused her to miss the filing deadline by two days.

On August 18, 2011, the Magistrate Judge issued his Report and Recommendation. (Docket #19.)  Citing *Pace v. Dguglielmo*, 544 U.S. 408, 418 (2005), the Magistrate Judge recommends that Plaintiff's Complaint be dismissed based on the fact that Plaintiff has failed to offer any "extraordinary circumstances" which prevented him from filing his Complaint within the limitations period.

On September 2, 2011, Plaintiff filed Objections to the Magistrate's Report and Recommendation.  (Docket #20.)  Plaintiff asserts that equitable tolling is appropriate not only upon demonstrating extraordinary circumstances, but also when a plaintiff demonstrates that tolling is consistent with Congressional intent and where the facts establish that tolling is appropriate.  *Bowen v. New York*, 476 U.S. 467, 480 (1986) and *Cook v. Commissioner of Social Security*, 480 F.3d 432 (2007).  Plaintiff asserts that the circumstances in this case support

equitable tolling of the statute of limitations, given that he has diligently pursued his claim and tolling the statute of limitations would result in very little prejudice to the Commissioner.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

### Discussion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the pleadings, transcripts, and filings of the parties, as well as the Objections to the Report and Recommendation filed by Plaintiff. After careful evaluation of the

record, this Court declines to adopt the recommendation of the Magistrate Judge.

The 60-day time limit in Section 405(g) is not jurisdictional, but a period of limitations which, consistent with congressional purpose, may be tolled when equity so requires. *Bowen*, 476 U.S. 467, 474. The *Bowen* Court noted circumstances such as illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process as circumstances under which the statute of limitations may be equitably tolled. *Id.* at Note 12. The Sixth Circuit uses a five-factor analysis in determining whether equitable tolling is appropriate, analyzing the following: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for fling his claim." *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

Plaintiff's Complaint was filed in this Court two days beyond the 60-day period established by 42 U.S.C. § 405(g). The Court's review of this case reveals Plaintiff's diligence in pursuing his rights thus far. Plaintiff has requested the Appeals Council grant him a two-day extension of the 60-day statute of limitations period, explaining circumstances in the law office of Plaintiff's Counsel which resulted in the late filing. The Court has no indication that the Appeals Counsel has responded to Plaintiff's request. While the circumstances may not be extraordinary, given the resulting prejudice to Plaintiff if the case is dismissed; the fact that Counsel's error appears to be innocent; and, the fact that the Commissioner will not be prejudiced by the tolling of the state of limitations, equitable tolling is appropriate. Accordingly, the Court declines to adopt the recommendation of the Magistrate Judge.

-5-

**Conclusion**

The Court hereby declines to adopt the Report and Recommendation of the Magistrate Judge (Docket #19).  Defendant's Motion to Dismiss Plaintiff's Untimely Complaint, or in the Alternative, Motion for Summary Judgment (Docket #13) is hereby DENIED.

This matter is returned to the Magistrate Judge so that it may proceed on the merits.

IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED:   September 13, 2011